## I. T. GARNER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The recitals in a motion for a new trial do not of themselves afford evidence of their correctness, and in the absence of anything to the contrary, the presumption is that the action of the court in overruling a motion was predicated upon the ground that there was no evidence to sustain it.

2. An exception to the ruling of the court, in either admitting or rejecting testimony, comes too late when made for the first time in a motion for a new trial.

3. In the case at bar testimony was introduced on the part of the defense tending to show an overt act or demonstration on the part of the deceased at the time of the killing, calculated to excite a reasonable apprehension on the part of the accused that he was in imminent danger of losing his life, or suffering great bodily harm at the hands of the deceased ; also some testimony was given to the jury tending to show that a short time before the killing the deceased had threatened to shoot the accused, and that these threats had been communicated to him. In addition to the foregoing testimony, the accused sought to prove by a witness that he knew of his own knowledge that the deceased was in the habit of carrying arms secretly, but no offer was made to show that the witness had ever imparted his knowledge to the accused : *Held*, That the refusal of the trial court to permit this evidence to be given to the jury was not error.

4. The testimony in this case held sufficient to sustain the verdict.

Writ of error to the Circuit Court for Suwannee county.

The facts in the case are stated in the opinion of the court.

*J. C. Gallaher*, for Plaintiff in Error.

*The Attorney-General,* for Defendant in Error.

MABRY, J. :

This case is now before us a second time. The plaintiff.in error was convicted in February, 1891, of the murder ot J. T. Lasley, and the judgment of the court then passed upon him was, upon writ of error to this court, at the June Term, 1891, reversed and a new trial awarded. Garner vs. State, 28 Fla., 113, 9 South. Rep., 835. A second trial has resulted in a conviction of murder in the first degree, with recommendation of mercy to the court, and from the judgment rendered on this conviction a writ of error has been. sued out.

The only matters assigned for error on the record now before us are those included in a motion for a new trial which the Circuit Court overruled. The grounds of this motion are: 1. That W. H. Hodder, one of the jurors who rendered the verdict, was not a legal elector, because he had changed his residence from the place where he resided when registered, and had not notified the supervisor of registration of his change of residence, nor had he surrendered his certificate of registration to such officer and obtained a new certificate as provided by law in cases of such change of residence, and without such transfer by the supervisor he was not a legal elector, and hence not a qualified juror. 2. The court erred in refusing to permit the defendant to prove that the deceased was a man of violent temper, without first asking the witness if he knew the general

reputation of the deceased for peace and quietude.    3. The court erred in refusing to permit defendant to ask the witness M. A. Bexley if he knew of his own knowledge that the deceased habitually went armed secretly, unless he could first show that the deceased had the general reputation of habitually going armed secretly. 4. That the verdict is contrary to the law and the charge of the court, and contrary to the evidence and the weight of the evidence.

The record shows that W. H. Hodder was selected and sworn as one of the jurors in the cause, but we have no information that he had changed his residence after being registered, and in fact all the information imparted to us by the record in reference to this matter is that contained in the motion for a new trial.    It is only necessary to say that the mere recitals in the motion for a new trial do not afford evidence that they are true.    This court has in many cases announced this self-evident proposition, and declined to consider assignments of error based upon grounds in motions without any evidence in the record to test the correctness of the court's ruling thereon.    In the absence of anything to the contrary, the presumption is that the court overruled the motion because there was no evidence to sustain it.    Parrish vs. Pensacola & A. R. R. Co., 28 Fla., 251, 9 South. Rep., 696: Richardson vs. State, 28 Fla., 349, 9 South. Rep., 704; Pinson vs. State, 28 Fla., 735, 9 South. Rep., 706.

We have carefully examined the evidence contained in the bill of exceptions, and can find no exception taken

at the time by the defendant to any ruling of the court in rejecting or admitting any testimony that can in any way present the question sought to be raised by the second assignment of error. It is true that the ground of this assignment of error was presented in a motion for a new trial, but an exception to the ruling of the court in either admitting or rejecting testimony must be made at the time it is offered, and it is too late to make the objection for the first time in a motion for a new trial. Coker & Schieffer vs. Hays, 16 Fla., 368; Tuten vs. Gazan, 18 Fla., 751; McSwain vs. Howell, 29 Fla., 248, 10 South. Rep., 588.

Without impliedly conceding that either of said assignments of error would be good if sustained by the record and proper exception, we can not consider them for the reasons above given.

M. A. Bexley, a witness for the defense, was asked by the defendant's counsel if he knew anything about the habits of the deceased in reference to carrying arms. This question was objected to by the State, and the court sustained the objection on the ground that the habit of carrying arms should be proved by general reputation in that respect. This ruling was excepted to by the defendant. The witness was then asked if he knew the general reputation of the deceased for carrying concealed weapons, and after being instructed by the court that, by general reputation, is meant what his neighbors generally say of him on this subject, he stated that the deceased carried concealed weapons. He

also stated that he had heard the neighbors generally speak of the deceased carrying concealed weapons. The witness was then cross-examined by the State as to the parties from whom he derived his information in reference to the habits of the deceased in carrying concealed weapons, and on re-examination by the counsel for the defendant he was further asked if he knew of his own knowledge that it was the habit of the deceased to go secretly armed. The State objected to this question, and upon its being sustained by the court, the defendant excepted. These exceptions present the matters to be considered under the third assignment of error.

Prior to the time of asking the witness Bexley the foregoing questions, some evidence had been introduced tending to show an overt act or demonstration on the part of the deceased at the time of the killing calculated to excite a reasonable apprehension on the part of the accused that he was in imminent danger of losing his life, or suffering great bodily harm at the hands of the deceased. The court admitted testimony tending to show that a short time before the killing the deceased had threatened to shoot the accused, and these threats had been communicated to him; and also some testimony was admitted in reference to the character of the deceased for peace and quietude in the community. No questions are now presented in reference to this testimony. The circumstances under which such evidence is allowed to go to the jury in aid of the plea of self-defense have been explained and fully discussed

in the former opinion in this case, and it is not necessary that we add anything further on this point here. We remark, however, that the evidence must relate to a violent and dangerous character, and when the circumstances of the case make it proper to admit in evidence such a character it must be proven by testimony of general reputation in the community, and not by evidence of specific acts or general bad conduct. This was also expressly decided in the former opinion. In addition to the testimony in reference to the threats and character above referred to, the accused sought to prove by the questions to the witness Bexley that he knew of his own knowledge that the deceased was in the habit of carrying concealed weapons. There was no offer in connection with this proposed testimony to show that the witness had imparted his knowledge to the accused before the killing. Whether or not the habit of carrying arms can be shown by general reputation in this respect is not involved in the ruling of the court on the question mentioned, as such evidence was admitted in this case on the part of the accused, and hence he has no ground of complaint in this respect. The questions go no further than to elicit evidence that the witness knew of his own knowledge that the deceased habitually went armed. How the accused can avail himself of the uncommunicated knowledge of the witness that the deceased carried arms, we do not see. It can not be said to be a part of the *res gestae*, as in case of uncommunicated threats, and if taken in connection with the violent and dangerous character of

the deceased, the accused should in some way be put in possession of this information in order that the jury may correctly determine whether or not he acted under a reasonable apprehension that his life was in imminent danger, or he was likely to suffer great bodily harm, when he killed the deceased. Under no rule of law can the proposed evidence be received, and we think the court did not err in his ruling on the questions propounded.

Under the remaining assignment of error it is contended that the verdict is not sustained by the evidence. We have given due consideration to the entire testimony, and have no hesitancy in saying that it fully sustains the verdict.

The judgment of the Circuit Court is affirmed, and such judgment will be entered here. So ordered.