## BROENS v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 5, 1923.)

No. 3793.

1. Criminal law ☞1090(1)—Purpose of "bill of exceptions."

The purpose of a bill of exceptions is to preserve and certify a record of the proceedings on the trial, before the judgment, and which do not otherwise appear on the formal record of the proceedings in the case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Exceptions.]

2. Intoxicating liquors ☞236(6½, 20)—Evidence held to sustain charge of unlawful "possession," but not of "transportation."

Evidence that defendant met an unknown person, who stepped off a train with suit cases containing liquor, and assisted in carrying the suit cases to defendant's automobile, held sufficient to sustain a conviction for unlawful "possession," but not for transporting the liquor from another state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession; Transport—Transportation.]

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Criminal prosecution by the United States against Willie Broens. Judgment of conviction, and defendant brings error. Affirmed in part, and reversed in part.

Ralph Davis, of Memphis, Tenn., for plaintiff in error.

S. E. Murray, U. S. Atty., of Memphis, Tenn. (W. H. Fisher and A. A. Hornsby, Asst. U. S. Attys., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON and DONAHUE, Circuit Judges, and HICKENLOOPER, District Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

PER CURIAM. Broens was convicted under two counts: First, for the possession of intoxicating liquor at Kansas City Junction, a railway crossing in the outskirts of Memphis; and, second, for transporting the liquor from Louisville to Kansas City Junction—both in violation of the National Prohibition Act (41 Stat. 305). Separate sentences were imposed. His sole complaint is that there was no substantial evidence to support the verdict.

[1] The printed record is confused as to the bill of exceptions. The purpose of a bill of exceptions is to preserve and certify a record of the proceedings on the trial, before the judgment, and which do not otherwise appear upon the formal record of the proceedings in the case. In this record a certificate which would be appropriate at the foot of the bill of exceptions appears after the transcript of the proceedings after the trial, and seems to include the assignments of error and bond for review. However, we assume that this is merely the result of some confusion, and consider the certificate as transposed to its proper place.

[2] The utmost case which it can be thought the evidence tends to show against Broens is this: That an unknown man stepped from the Louisville train as it arrived at Kansas City Junction, slowing up with a momentary stop at the usual point therefor, and had with him four suit cases containing liquor; that Broens had come to this point in his automobile, by appointment, to meet this man, and, leaving his car at the curb close by the stopping place, was helping to put the liquor in the automobile, and one suit case had been so placed; that then the officers appeared, and the other escaped, but Broens was arrested. This state of facts was sufficient to justify the jury in finding that Broens was in possession of the liquor in violation of section 3 of the act. We cannot see in it any substantial basis which would support a conclusion that Broens was participating in, or aiding, or abetting the Louisville-Kansas City Junction transportation charged. It raises a mere suspicion that the enterprise was a joint one from the beginning; but it is equally probable that Broens had been engaged simply to meet this man upon the arrival of the train and take him and his luggage to his city destination. The liquor had reached Kansas City Junction, the alleged terminal point. The facts are materially different from those in Ousler v. U. S. (C. C. A. 6) 263 Fed. 968. The conviction for this transportation, therefore, stands upon surmise and not upon substantial evidence.

The manual carrying of the suit cases for a few rods from one spot to another at Kansas City Junction is not the transportation alleged in the indictment, and for which the respondent was on trial.

The conviction and sentence under count 1 are affirmed. Those under count 2 are reversed, and the case is remanded for further proceedings under that count only.