## Sizemore v. Commonwealth.

(Decided February 26, 1924.)

### Appeal from Leslie Circuit Court.

1. Intoxicating Liquors—Mere Drinking of Liquor Not Violation of Law.—To take a drink of intoxicating liquor is not of itself a violation of law.
2. Intoxicating Liquors—Taking Drink and Handling Bottle Not Unlawful "Possession."—The manual act of handling a bottle while

taking a drink does not of itself constitute the unlawful possession denounced by statute where the one so doing does not claim ownership or control, "possession" being the "having, holding or detention of property in one's own power or command; ownership, whether rightful or wrongful; actual seizing or occupancy."

3. Intoxicating Liquors—Drinking from Vessel Found Not Unlawful "Possession" Unless there is a Trick or Device.—A person who bona fide finds a vessel containing liquor and takes a drink therefrom and returns the remainder without assuming further control thereof is not guilty of unlawful possession denounced by statute; but if the person had an interest in the liquor, or had previously caused it to be placed where he found it, he would be guilty, in view of Ky. Stats., section 2554a-7, relating to trick, device, subterfuge, or pretense.

J. M. MUNCY for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

John S. Sizemore was convicted of having spirituous liquor in his possession. On this appeal he insists that the court erred in refusing a peremptory instruction in his favor, and in the instructions given.

It appears that defendant and William Couch went into a coal bank belonging to the latter to procure some coal. The prosecuting witness, John (Cold Foot) Sizemore, stated that he saw them come out, and that as they did so he saw defendant pick up a bottle of liquor that was lying on the bank at the mouth of the entrance and take a drink and set the bottle down again.

Defendant admitted doing this, but said that he did not own or have anything to do with the liquor or know that it was at the place indicated and saw it for the first time as he came out of the bank; that after taking a drink he set it back where he found it and had nothing further to do with it.

William Couch testified that while he and defendant were in the coal bank the prosecuting witness came up; he did not see defendant pick up the liquor, but says the prosecuting witness carried it away and that was the only time he saw it.

As affecting the credibility of the prosecuting witness proper foundation was laid, and in contradiction of him Stella Couch stated that while defendant and

Couch were at the coal bank she heard the prosecuting witness say that he had some liquor and was going by and give old man Couch a drink or dram.

Bige Couch testified that at the preceding term of court he heard the prosecuting witness say that if the wife of John S. Sizemore indicted him for liquor he would come and indict John S. Sizemore.

A peremptory instruction was refused and the usual instructions in cases of this character were given.

"To take a drink of intoxicating liquor is not of itself a violation of law" (French F. & C. v. Com., 198 Ky. 512), nor does the manual act of handling a bottle while so taking a drink of itself constitute the unlawful possession denounced by statute, where the one so doing does not claim ownership or control.

Possession is the "having, holding or detention of property in one's own power or command; ownership, whether rightful or wrongful; actual seizin or occupancy." Webster's International Dictionary.

So that where a person treats another by offering him intoxicants, although the vessel may change hands, the constructive custody of the article remains in the owner, who is really in control and direction.

A person who *bona fide* finds a vessel containing liquor and takes a drink therefrom and returns the remainder without assuming further control thereof occupies a somewhat different attitude. To the extent- indicated he assumes control and possession, but such possession is only an element in the act of taking the drink, and while this would be larceny or trespass if the liquor was property or had an owner, we hardly think that the legislature intended for it to constitute the unlawful possession denounced by statute or it would have made it unlawful to take the drink; however, this did not entitle defendant to a peremptory instruction.

It is a common occurrence for those found in the possession of liquor to narrate a more or less fanciful story as to their discovery of it, and in many instances devices of this character have been adopted to defeat the operation of the law, and to meet such cases our statute provides: "No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the purpose of this law." Ky. Stats., section 2554a-7.

If the prosecuting witness planted the bottle of liquor and it was *bona fide* found and used as claimed by defendant he should go acquit; on the other hand, if the

latter owned or had an interest in the liquor or had previously caused it to be placed where he found it, doing this as a subterfuge or device to evade the operation of the law, he was guilty.

Under the facts of this case, in addition to the instructions given, this defense should have been submitted to the jury with an instruction conforming to section 2554a-7, *supra*.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.