CLEVE BARNES V. THE STATE.

No. 8864.    Delivered May 27, 1925.

Rehearing denied December 2, 1925.

1.—Possessing Intoxicating Liquor—Jury—Motion to Quash—Properly Overruled.

Appellant's motion to quash the jury panel presents the same question raised and decided again his contention in the case of Hart v. State, this day decided, and in the case of Neal v. State, decided by this court on May 20, 1925.

**2.—Same—Continuance—Absence of Leading Counsel—Properly Refused.**

Where a motion for a continuance is presented on account of the illness and absence of appellant's leading counsel, and it appears that he was well represented by other able counsel on the trial, no injury is shown in the refusal to grant him a continuance.

**3.—Same—Evidence—Acts and Declarations of Defendant—Properly Admitted.**

Where, on a trial for possession of intoxicating liquor, the ownership of the garage in which the whiskey was found being in issue, there was no error in permitting the State to introduce a part of the testimony of appellant given in the trial of Harry Atwood, wherein appellant claimed to own the garage. It was a statement made by the appellant when not under arrest, and was properly received in evidence.

**4.—Same—Argument of Counsel—Proper Deductions—No Error.**

Where counsel for the State in his argument to the jury said: "I believe I know conditions in Eastland County and, considering the circumstances and conditions prevailing in this county, believe the State has made out as strong a case as I have ever seen made out." No error is shown, nor does the record disclose that such argument was excepted to at the proper time, nor bill of exception reserved. The same observations apply to appellant's bill of exception No. 6.

**5.—Same—Misconduct of Jury—Issue for Court.**

Where a motion for a new trial is predicated upon the misconduct of the jury and evidence is heard upon the issue, the decision of the question is for the trial court, and it must be made to appear to us that his action was clearly an abuse of his discretion, or it will be sustained.

ON REHEARING.

**6.—Same—Charge of Court—Exception to—No Error Shown.**

Where an exception is taken to the court's charge, for his failure to present affirmatively the defense relied upon, and neither in the exception taken nor in the entire record is it disclosed what such affirmative defense was, no error is shown.

**7.—Same—Charge of Court—On Alibi—Failure to Submit—No Error.**

When appellant complains of the court's failure to submit a charge on the law of alibi, and the record does not show that such defense was raised by any evidence in the case, no error is shown.

**8.—Same—Charge of Court—Defining Possession—Not Reversible Error.**

Where the charge of the court defines possession as being "constituted by care, control and management," and no special charge is requested presenting a more accurate and comprehensive definition, no error is presented.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction for the possession of intoxicating liquor, for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Eastland County for the offense of possessing intoxicating liquor for the purpose of sale and his punishment assessed at confinement in the penitentiary for a term of two years.

Bill of exception No. 1 complains of the action of the court in overruling appellant's motion to quash the jury panel. This matter was settled adversely to the appellant's contention in the case of Hart v. State, this day decided, also see McNeal v. State, decided by this court on May 20, 1925.

Bill of exception No. 2, with reference to a motion to continue on account of appellant's leading counsel being unable to try the case, is insufficient to show any error. The only suggestion in the motion is that counsel was at the time confined with influenza and not able to attend court, and that he had heretofore tried the case twice and was more familiar with the case than either of the other attorneys. No injury is shown in the court's action in overruling the motion to continue.

By bill No. 3, appellant complains of the court's action in allowing the State to introduce a part of the testimony of appellant given in the trial of Harry Atwood, at a former time, wherein he claimed to own the garage independently and that he had the work done on the garage. From the record in the case we observe that this is the same garage where whiskey was found by the officers. This testimony was clearly admissible. It was a statement made by the appellant when not under arrest and there is nothing in the bill to show that it was not properly introduced in evidence.

There was no error in the court's action in refusing to give appellant's special charge shown in bill of exception No. 5. This charge asked the court to instruct the jury to not consider the remarks of the county attorney, who, on behalf of the State, said: "I believe I know conditions in Eastland County, and considering the circumstances and conditions prevailing in this county, I believe the State has made out as strong a case as I have ever seen made out." This was nothing more nor less

than the deduction that the county attorney was attempting to draw from the evidence in the case, and considering the facts in connection with the special charge offered, we are not disposed to say that it could have injured the appellant in any way. We also observe that the record fails to show that any bill of exceptions was taken to the argument thus made at the time it was made, and in the absence of a bill of exceptions approved by the court showing that the argument was really made, we are not in a position to know that the facts in the case called for any such charge.

And the same observations apply to the special charge embodied in defendant's bill of exception No. 6. This bill was to the refusal of the court to give a special charge asking the jury not to consider certain statements of the county attorney in his argument, and, as stated with reference to bill No. 5, there is no bill of exceptions in the record showing that any such argument was made and excepted to at the time it was made.

Bill of exception No. 7 pertains to the alleged misconduct of the jury. This bill contains the testimony taken on the motion for a new trial, and the testimony of the jurors so testifying was more or less conflicting. The trial court heard the motion and the testimony and overruled the same, and in so doing we are not in a position to say that he abused his discretion.

Believing that the appellant has had a fair trial in this case, and finding that the facts are amply sufficient to support the judgment, it is our opinion that the same should be in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is asserted that we were in error in refusing to sustain appellant's exception to the court's charge for not presenting affirmatively the defense relied upon by the accused. Examination of the record discloses that the exception was in the most general form and neither by it nor anywhere in the record are we informed as to what was the affirmative defense of the accused.

There was also an exception to the court's charge for its failure to submit the law of alibi. We have carefully examined

the statement of facts, as we are required by law to do, and observe no evidence raising such issue.

The charge of the court defining "possession" is also assailed, and while same might have been more artistically drawn, it does inform the jury that "possession" is constituted by care, control and management. No special charge seems to have been asked, and no error is thus presented.

Our conclusion in regard to the legality of the court's action in refusing to quash the jury panel was sustained by citation of authorities, the application of which is now attacked. In Hart v. State, No. 8728, opinion May 27, 1925, we passed exactly upon the same facts appearing in this record and sustained the action of the court below in declining to quash the jury panel.

Being unable to agree with appellant in any of his contentions, the motion for rehearing will be overruled.

*Overruled.*