STEPHEN F. REYNOLDS, *Plaintiff in Error* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed December 10, 1926.

1. In a prosecution for the unlawful possession of intoxicating liquor, "possession" is usually defined as having personal charge of or exercising the right of ownership, management or control over the liquor in question.

2. To constitute "possession" of intoxicating liquor, there need not necessarily be an actual manucaption of the liquor, nor is it necessary that it be otherwise actually upon the person of the accused. There must, however, be a conscious and substantial possession by the accused, as distinguished from a mere involuntary, or superficial possession.

3. That the accused was in conscious and substantial possession of liquor found in a vehicle under his domination or control may be lawfully inferred from the surrounding circumstances, especially in the absence of contrary or exculpatory evidence.

4. Under the provisions of Sec. 5486, Rev. Gen. Stat. 1920, where the accused is charged with the unlawful possession of liquor, either as a first or second offense, specific proof by the State that such possession was "for sale" is not essential to a conviction. It is sufficient for the State, in either case, to prove possession only, whereupon the presumption arises that such possession was of a character or for a purpose denounced by

the statute as unlawful, and the burden is upon the accused to prove his possession to be lawful.

5. Under the provisions of Sec. 5486, Rev. Gen. Stat. 1920, an accused may be convicted as a second offender upon a charge of unlawfully possessing intoxicating liquor although his former conviction was upon a charge of manufacturing intoxicating liquor.

6. Evidence as to former conviction examined and found sufficient, as against motion for new trial upon the ground that the verdict is contrary to the law and the evidence, to support a conviction of a second offense against the state prohibition laws.

A Writ of Error to the Criminal Court of Record, Polk County; H. K. Olliphant, Judge.

Affirmed.

*Rogers and Rogers,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for State.

STRUM, J.—The writ of error in this case brings here for review a judgment of conviction upon a charge of unlawful possession of intoxicating liquor, the accused having been previously convicted of a violation of the laws against the unlawful manufacture, sale, possession and transportation of intoxicating liquor.

Judgment was pronounced against plaintiff in error, who will hereafter be called the defendant, as for a second offense, the penalty imposed being within that prescribed by Sec. 5486, Rev. Gen. Stats. 1920.

Defendant contends that the evidence of his possession of the liquor in question was insufficient to support the

verdict.   There was no evidence on behalf of the defendant. The undisputed evidence of the State shows that four deputy sheriffs were upon a public highway, in the City of Lakeland, on the lookout for an automobile in which, so the officers were informed, intoxicating liquor might be found.   An automobile appeared, driven by the defendant, and in which were three other passengers, a man, a woman, and a small child.   Suspecting this to be the car they sought, the officers drove up alongside it, displayed their badges to the defendant, to whom some of the officers were personally known, and called on the defendant to stop.   The defendant, however, declined to stop, but on the contrary accelerated the speed of the car and drove out on the main highway toward and into the country.   The officers followed and repeatedly attempted to stop defendant's car, their efforts to do so being plainly observed by the defendant, so the officers testified, but the defendant driver succeeded in frustrating the efforts of the officers to stop his car.   After being thus pursued for about eleven or twelve miles along the main road, the defendant turned off into a country lane, along which he drove for some distance.   His car was then stopped and defendant's male companion removed several containers or demijohns and some sacks from the defendant's car and deposited them in some bushes growing inside of a fence along the lane. As the officers approached, the car driven by the defendant proceeded through the yard of a nearby dwelling and on into a swamp.   The officers following the car saw the defendant driving it in the manner mentioned, and saw the demijohns and sacks removed therefrom and placed in the bushes.   The demijohns were recovered by the officers and, with the contents of those which were not broken, were introduced in evidence at the trial.   Witnesses for the State testified that they contained intoxicating liquor.

In offenses of this character, "possession" is usually defined as having personal charge of or exercising the right of ownership, management or control over the liquor in question.   Terry v. State, 275, S. W. Rep. 837; Newton v. State, 250 S. W. Rep. 1037; Barnes v. State, 277 S. W. Rep. 647; Sizemore v. Comm., 259 S. W. Rep. 337.    To constitute possession, there need not necessarily be an actual manucaption of the liquor, nor is it necessary that it be otherwise actually upon the person of the accused. State v. Aplin, 221 Pac. Rep. 989.    There must, however, be a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession.    Baender v. Barnett, Sheriff, 255 U. S. 224; 65 Law Ed. 597; Sizemore v. Comm., 264 S. W. Rep. 1053; Anderson v. State, 96 South. Rep. 163; Brazeale v. State, 97 South. Rep. 525; State v. Munson, 206 Pac. Rep. 749. That the accused was in conscious and substantial possession of liquor found upon premises or in a vehicle under his domination or control may be lawfully inferred from the surrounding circumstances, especially in the absence of contrary or exculpatory evidence.    Simmons v. Comm., 275 S. W. Rep. 369; State v. Schuck, 201 N. W. Rep. 342. We regard the evidence for the State in this case as sufficient to establish, *prima facie,* possession by the defendant of the liquor in question, and there being no evidence of contradictory or vindicating circumstances, it follows that the State's evidence, undisputed, is sufficient to support that portion of the verdict relating to possession.    See: Cotton v. Comm., 254 S. W. Rep. 1061; State v. Meyers, 129 S. E. Rep. 600; McMahon v. State, 97 N. W. Rep. 1035; Autrey v. State, 88 S. E. Rep. 715; Simmons v. Comm., 275 S. W. Rep. 369; Terry v. State, 275 S. W. Rep. 837; State v. Parent, 212 Pac. Rep. 1061; State v. Arrigoni, 205

Pac. Rep. 7; Broens v. U. S., 290 Fed. 809; 33 C. J. 744, 745.

There being sufficient evidence that intoxicating liquor was in possession of the defendant, the presumption is that such liquor was unlawfully acquired and possessed by the accused and the burden of showing the contrary is upon the defendant. Chap. 9267, Acts of 1923, Sec. 5468, Rev. Gen. Stat. 1920; Carroll v. Merritt, 109 South. Rep. 630.

Chap. 9266, Acts of 1923, being inoperative (Porter v. State, 108 South. Rep. 814), Section 5486 Rev. Gen. Stat., 1920, relating to first and subsequent offenses under the state prohibition laws, remains in force. Carroll v. Merritt, 109 South. Rep. 630. Under the provisions of the section last named, where the accused is charged with the unlawful possession of liquor, either as a first or second offense, specific proof by the State that such possession was ''for sale'' is not essential to a conviction. It is sufficient for the State, in either case, to prove possession only, whereupon the presumption arises that such possession was of a character or for a purpose denounced by the statute as unlawful, and the burden is upon the accused to prove his possession to be lawful. Chap. 9267, Acts of 1923, Sec. 5468, Rev. Gen. Stat. 1920. That the possession or transportation of liquor shall have been ''for sale'' was a requirement created only by the now inoperative Chap. 9266, *supra,* in connection with certain second offenses therein defined. State ex rel. Lockmiller v. Mayo, 88 Fla. 96; 101 South Rep. 228.

Defendant further contends that because his former conviction was for manufacturing liquor, and the present charge is for possession, he is not within the purview of the statute as a second offender, especially since it is not shown that the latter possession was for purposes of sale.

But as we have seen, under Chap. 9267, Acts of 1923, proof of possession raises the presumption that the liquor was unlawfully acquired and possessed, and casts upon the accused the burden of proving the lawfulness of its acquisition and possession, which burden was not met by the defendant in this case. Sec. 5486, Rev. Gen. Stat., relating to second offenses, does not require that the former conviction shall have been for an offense identical in character with the second offense. That Section provides, first, the penalty for those who "shall violate any of the foregoing provisions of this Article * * *", meaning Article 16, Div. 5, Part 1, Title 2, (Sections 5458, *et seq.*) Rev. Gen. Stats., 1920; (Chap. 7736, Acts of the Extra Session of 1918), and denominates such first offense a misdemeanor. One of the offenses denounced by that "Article" is the unlawful manufacture of alcoholic or intoxicating liquors or beverages, of which offense this defendant had been previously convicted upon a plea of guilty, as alleged in the present information. Secondly, Sec. 6486, *supra*, provides the penalty for those who "having previously been convicted as hereinbefore in this Section provided, shall subsequently violate any of the foregoing provisions of this *Article* (referring again to Article 16, *supra*) herein declared to be unlawful * * *", such second offense being denominated a felony attended by a more severe penalty. In State ex rel. Lockmiller v. Mayo, 88 Fla. 96; 101 South. Rep. 228, this Court said:

"Under Section 5486, *supra*, a conviction for a violation of any of the provisions in the Article (Article 16, *supra*) upon a charge against one as a second offender was sufficient to support the allegation, provided, of course, the identity of the defendant was established as the person so formerly convicted".

The defendant further contends that under the rule an-

nounced in Norwood v. State, 80 Fla. 613; 86 South. Rep. 506; and Gordon v. State, 86 Fla. 255, 97 South Rep. 428, the proof of defendant's previous conviction was insufficient. The minute book of the Criminal Court of Record of Polk County showing the minutes of said Court for February 20, 1925, was produced, and upon identification thereof by the clerk of said Court, the following portion of said minutes, appearing in Minute Book No. 2 at page 225, was introduced in evidence in this case.

"STATE OF FLORIDA v. STEVE REYNOLDS AND B. R. CASWELL

No. 1308. Information for manufacturing intoxicating liquor.

The defendants, Steve Reynolds and B. R. Caswell, appeared before the Court and did then and there enter a Plea of Guilty to said information, and thereupon the Court imposed the following sentence, to-wit:

It is the judgment, order and sentence of the Court, that you Steve Reynolds and B. R. Caswell each pay a fine of $500.00 and costs and be imprisoned in the County Jail at hard labor for thirty days, and in default of the payment of said fine and costs that each of you be imprisoned as aforesaid for six months.

Dated this 25th day of February, 1925.

H. K. OLLIPHANT, Judge."

The State rested its proof of a former conviction upon the evidence just stated, supplemented by oral proof of the identity of the defendant as the same individual formerly convicted. There was no objection by the defendant to the introduction in evidence of the foregoing judgment, as for incompleteness, or that it did not constitute "the whole record of the first judgment of conviction",

nor was there any motion to strike the evidence upon those grounds, as was the case in Norwood v. State, *supra*. It is unnecessary for us to decide whether or not such proof would have been amenable to a timely objection, motion to strike or motion for directed verdict upon the ground that the proof of the former conviction was incomplete, as no such attack upon the proof was made in this case. The question was raised by the defendant for the first time in his motion for a new trial upon the ground that the verdict of the jury is contrary to the law and the evidence. As against a motion for a new trial upon the ground last stated and in the absence of a timely objection, as for incompleteness, we deem the proof of the prior conviction sufficient. Garner v. State, 31 Fla. 170; 12 South. Rep. 638; See Gould v. State, 146 S. W. Rep. 172; Muckenfuss v. State, 117 S. W. Rep. 854; 16 C. J. page 1339, *et seq.*

Other assignments of error have been carefully examined, but no reversible error found.

Affirmed.

Ellis, C. J., and Brown, J., concur; Whitfield, P. J., and Terrell and Buford, J. J., concur in the opinion.