## CITY OF RIVIERA BEACH v. PAYNE.
No. 69-C-3701.
Circuit Court, Fifteenth Judicial Circuit, Criminal Appeal.
June 17, 1970.

John M. Callaway, Lake Worth, for appellant.

John S. Witt, Riviera Beach, for appellee.

JAMES R. KNOTT, Circuit Judge.

Jack Ray Payne appeals from a judgment and sentence of the municipal court of the city of Riviera Beach, where he was found guilty of violating §13-21-1, code of the city of Riviera Beach, by violating §828.19, Florida Statutes. That statute makes it a misdemeanor to "contribute to the . . . delinquency" of a "delinquent child, as defined under the laws of Florida." Appellee's counsel did not file a brief in connection with the appeal.

The record shows that on June 15, 1969 appellant was a passenger in the rear seat of an automobile owned and operated by one Richard Harold Williams, Jr., accompanied by another person. The three were arriving at a drive-in theater when stopped by a city police officer for the purpose of determining their ages as theater patrons. Williams was 20 years of age and appellant was 23 years of age. On the rear seat of the automobile, in a closed picnic cooler, were containers of cold beer which had been purchased by the appellant for his own consumption. There was no indication that Williams had drunk any beer or that part of it was intended for him. The officer, upon discovering the beer, charged the driver, Williams, with possession of the beer and charged Payne, appellant, with violation of the statute noted above, for bringing the beer into the minor's car, which he interpreted as placing the beer in the minor's possession. Both defendants were adjudged guilty and sentenced. Payne appealed.

The primary question presented relates to whether the minor, Williams, could properly be held by the trial court to be in "constructive possession" of beer owned by another person, Payne, who was physically present on the back seat and in sole actual possession and control of the beer. The finding of the trial court that Williams was in constructive possession of the beer is not sustained by any legal authorities cited to this court.

In Reynolds v. State, 111 So. 285, the Supreme Court of Florida held that in a prosecution for the unlawful possession of intoxicating liquor, " 'possession' is usually defined as having personal charge of or exercising the right of ownership, management, or control over the liquor in question." In Spataro v. State, Fla., 179 So.2d 873, it was held that the accused has "constructive possession" of a chattel where he has knowledge of its presence coupled with the ability to maintain control over it or reduce it to his physical possession, even though he does not have actual personal dominion.

This court finds that the circumstances shown by the record do not warrant the conclusion that Williams had an ability to acquire personal dominion or control over the beer, and that Williams therefore did not have constructive possession of it. It follows that the charge against Payne, based on placing the beer in Williams' possession, cannot be sustained.

Another important issue is raised regarding the propriety of charging appellant with contributing to the delinquency of a "delinquent child" 20 years of age, in light of the words of the statute (§828.19) restricting its application to cases involving a "delinquent child, as defined under the laws of Florida." In State v. Barone, Fla. 124 So.2d 490, the Supreme Court of Florida stated that "there is but one place in the statutes of this state where the words 'delinquent child' are delimited. That is to be found in §39.01, Florida Statutes —

"(6) 'Child' means any married or unmarried person under the age of seventeen years, or any person who is charged with a violation of law occurring prior to the time that person reached the age of seventeen years.

\*    \*    \*    \*

"(11) 'Delinquent child' means a child who commits a violation of law, regardless of where the violation occurred; or is incorrigible; or is a persistent truant from school . . ."

If the charge is interpreted as simply contributing to the delinquency of a minor, rather than a delinquent minor, the minor concerned would then have to be under the age of 18, under the provisions of the governing statute in such cases, §828.21, F.S. It thus appears that the charge against appellant is one not authorized by law.

For the reasons given, it is ordered and adjudged that the judgment and sentence are severally reversed.