PER CURIAM.
Defendants appeal and seek reversal of a judgment of conviction and sentence based upon a jury verdict finding them guilty of the crime of grand larceny.
By their first point appellants challenge the sufficiency of the circumstantial evidence on which appellee relies to support the verdict and judgment. We have carefully reviewed the transcript of the trial proceedings and find the totality of the evidence, especially that establishing the similar tactic employed by three of the four defendants in distracting the owner and customers in the store at a time when the fourth defendant was standing adjacent to the open cash register from which the money was stolen, their flight from the store after discovery of the theft and refusal to stop at the command of the victim, is sufficient to foreclose all reasonable inferences of innocence.[1] Appellants’ remaining points which contend that the proof is not sufficient to establish the value of the money taken are without merit in view of the victim’s positive testimony as to the amount of cash which was in his cash register immediately before appellants arrived at his store and immediately after their departure. Appellants’ contention that the trial court erred in failing to grant their motion to suppress the in-custody identification made of them by appellee’s witnesses is not supported by established principles of law and, therefore, can avail them nothing.[2]
The judgments appealed are affirmed.
WIGGINTON, Acting C. J., RAWLS, J., and MELVIN, WOODROW M., Associate Judge, concur.

. Reynolds v. State, (Fla.App.1966) 186 So.2d 315; Daniels v. State, (Fla.1959) 108 So.2d 755.

. Perkins v. State, (Fla.1969) 228 So.2d 382; Russell v. United States, (1969), 133 U.S.App.D.C. 77, 408 F.2d 1280.