MELVIN, WOODROW M., Associate Judge.
The Appellant, Willie Walker, hereafter referred to as the Defendant, has perfected his appeal from the judgment and sentence imposed upon him by the trial court, based upon a jury verdict finding the Defendant *492 guilty of the offense of unlawful possession "of thirty gallons of moonshine whiskey. The Defendant, age 72 years, was sentenced to serve a period of five years in the State prison. The Jury found the Co-defendant, Willie Malcolm Edwards, guilty of unlawful possession of less than one gallon of moonshine whiskey.
The record in this case reveals that on the night in question, Willie Walker was sitting in an automobile owned and operated by the Co-defendant, Willie Malcolm Edwards, at the time the officers came upon the arrest scene. Co-defendant Edwards and a person named Lamp, who fled the scene upon giving a flash light signal, were concerned with loading the sacks of whiskey into the trunk of Edwards’ car.
There is no evidence in this record which, if believed by a jury, would be legally sufficient to sustain the verdict, judgment, and sentence here complained of.
There is no evidence that this Defendant had any control, ownership, or interest in the whiskey. Neither is there any evidence that the same was ever in his constructive possession.
In the early case of Reynolds v. State, 92 Fla. 1038, 111 So. 285 (1927), the Supreme Court of Florida held:
“In offenses of this character, ‘possession’ is usually defined as having personal charge of or exercising the right of ownership, management, or control over the liquor in question. Terry v. State, 101 Tex.Cr.R. 267, 275 S.W. 837; Newton v. State, 94 Tex.Cr.R. 288, 250 S.W. 1036, 1037; Barnes v. State, 102 Tex. Cr.R. 155, 277 S.W. 647; Sizemore v. Comm., 202 Ky. 273, 259 S.W. 337. To constitute possession, there need not necessarily be an actually manucaption of the liquor, nor is it necessary that it be otherwise actually upon the person of the accused. State v. Aplin, 128 Wash. 36, 221 P. 989. There must, however, be a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession.”
The judgment and sentence is reversed, with directions to discharge the Defendant.
WIGGINTON, Acting C. J., and RAWLS, J., concur.