335 So.2d 304 (1976)
Henry Isaac POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. Z-224.
District Court of Appeal of Florida, First District.
June 29, 1976.
Rehearing Denied August 9, 1976.
Richard W. Ervin, III, Public Defender, and Gary M. Delohery, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant appeals a judgment of guilt and resulting sentence based upon an adverse jury verdict following a trial on a charge of possession of a firearm by a convicted felon proscribed by F.S. 790.23. That statute makes it unlawful for a convicted felon "to own or to have in his care, custody, possession, or control any firearm or to carry a concealed weapon."
Two police officers sought to serve a search warrant, authorizing a search for the fruits of a robbery, at an apartment in Tallahassee where they found appellant and one Henry Dupree. Appellant responded to the initial knock on the door by the police officers and, upon being informed of the purpose of their presence, told the officers that he wanted to let his wife know of their presence. He then went to the northwest bedroom and, after being gone for approximately two minutes, was brought back to the living room by one of the officers. A pistol was found in the pocket of a sportscoat in the bedroom clothes closet. Bullets were discovered in the adjoining bedroom. No fingerprints were found on the pistol. At trial, appellant's wife stated that eight or nine months *305 prior to the trial she and the defendant were at a nightclub where she found a gun which she took home with her and put in the coat pocket in her bedroom closet. She further testified that about a week later she told appellant about the gun and where she had put it whereupon he told her to do whatever she wanted to with the weapon. Appellant testified to substantially the same events but claimed that he had told his wife to do whatever she wanted to with the gun but to get it out of the house. Appellant also testified that on the day of the search his wife had moved out of the apartment and that Henry Dupree was living there with appellant at the time.
Appellant's sole point on appeal relates to sufficiency of the evidence. It is uncontradicted that appellant was, at all material times, a convicted felon.
In Davis v. State, Sup.Ct.Fla. 1956, 90 So.2d 629, a murder case, the late Justice Thornal succinctly stated the law regarding presumption of innocence and circumstantial evidence as follows:
"At the same time we must not lose sight of the basic proposition that one accused of a crime is presumed innocent until proved guilty beyond and to the exclusion of a reasonable doubt. It is the responsibility of the State to carry this burden. When the State relies upon purely circumstantial evidence to convict an accused, we have always required that such evidence must not only be consistent with the defendant's guilt but it must also be inconsistent with any reasonable hypothesis of innocence. Head v. State, Fla. 1952, 62 So.2d 41; Mayo v. State, Fla. 1954, 71 So.2d 899.
"Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. Circumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which may be entirely consistent with innocence, is not adequate to sustain a verdict of guilt. Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence. * * *" (90 So.2d 631, 632)
In Frank v. State, Fla.App. 1st 1967, 199 So.2d 117, a case in which the appellant had been convicted of unlawful possession of narcotic drugs, this Court was primarily interested in whether scienter or knowlege was a requisite ingredient of a crime of illegal possession. In that case Judge Wigginton, speaking for the court, said:
"From the foregoing it appears to be established in this state that before one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him either exclusively or jointly with others. If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is rebuttable and not conclusive. If the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drugs' presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements and circumstances from *306 which a jury might lawfully infer knowledge by the accused of the drugs' presence on the premises. In any event, the question of scienter or knowledge is one which must be resolved by the jury under the evidence in the case and upon proper instruction by the court embodying the principles discussed above."
* * * * * *
"Proof of either actual or inferred knowledge by the accused that the contraband articles were on the premises occupied by him at the time they were discovered is an essential and indispensable element of the offense which must be established. Scienter constitutes a factual issue to be resolved by the jury upon proper instructions as to the legal principles pertinent to its consideration. This is not a mere technicality in the law, but a legal principle which must be observed in order to safeguard innocent persons from being made the victims of unlawful acts perpetrated by others, and of which they have no knowledge. It is a safeguard which must be preserved in the interest of justice so that the constitutional rights of our citizens may be preserved. * * *" (199 So.2d 120, 121)
This Court, in Walker v. State, Fla.App. 1st 1971, 248 So.2d 491, a moonshine case, quoting from an early Supreme Court of Florida case, Reynolds v. State, Sup.Ct. Fla. 1927, 92 Fla. 1038, 111 So. 285, reversed, saying:
"There is no evidence that this Defendant had any control, ownership, or interest in the whiskey. Neither is there any evidence that the same was ever in his constructive possession." (248 So.2d 492)
Sub judice, the State relies upon an opinion of our sister court of the Second District, Maloney v. State, Fla.App.2d 1962, 146 So.2d 581, in which the court affirmed a conviction of an appellant accused under the same statute. We have carefully examined that case and find that although it is analogous there are crucial distinguishing features. In the Maloney case, as observed by the court, one of the appellant's companions testified at the trial that he had put the shotgun under the front seat of the car (where it was found by the police officers) and that "they" were going to sell it and the other gun discovered in the car.
Measuring the evidence adduced at the trial against the rule relative to circumstantial evidence above quoted, we conclude that while it may have been consistent with guilt, it is not inconsistent with any reasonable hypothesis of innocence. Accordingly, the judgment and sentence here appealed is
REVERSED.
RAWLS, J., concurs.
McCORD, J., dissents.
McCORD, Judge (dissenting).
The firearm was found in appellant's coat, in his closet, in his apartment. Appellant's wife was not an occupant of the apartment at that time. It was the jury's province to weigh the testimony of appellant and of his wife and to determine their credibility. In my view, the evidence is sufficient to sustain the conviction. I would, therefore, affirm.