BOYER, Chief Judge.
Appellant was convicted by a jury and sentenced to five years imprisonment for possession of a firearm by a convicted felon. The sole issue in the instant appeal is whether the state produced sufficient evidence at trial to establish that appellant had knowledge of the presence of the gun which was found at the home which was occupied jointly by appellant and his wife.
Only two witnesses testified for the state. The state’s evidence showed that appellant *297 lived in a house which had three bedrooms, one of which was occupied by appellant and his wife and contained a closet which they both used, the second bedroom being occupied by Jimmy Estes, and the third bedroom occupied by Hal Williamson. The Leon County Sheriff’s Office obtained a valid search warrant to search the home. One of the officers present, Detective Henry Hamlin, stated that in searching the closet of appellant’s bedroom, he discovered a rifle, located in the left corner as he looked inside the closet door. Parenthetically, we observe that a photograph of the closet, taken soon after the search, reveals that in the left corner were several long dresses, presumably belonging to appellant’s wife, behind which the rifle that was discovered in the search could easily have been .concealed. On cross-examination, Hamlin admitted that he had to push back some clothés before he was able to see the gun. He further stated that there were both men’s and women’s clothes in the closet. Detective Hamlin claimed on re-direct that it could have been possible to have seen the lower part of the stock of the gun if he had approached the closet from a different angle, but again, he had to admit that on the day of the search, he was unable to see the gun until he had pushed back some clothes in the closet. After appellant’s motion for directed verdict was denied, appellant’s wife testified that the gun found in the closet belonged to the aforementioned Hal Williamson, a close friend. She explained that she was keeping the gun for Williamson as a personal favor, and that the gun was kept behind her long dresses on her side of the closet. Appellant’s renewed motion for directed verdict was denied.
We have concluded that this case is controlled by Powell v. State, Fla.App. 1st 1976, 335 So.2d 304, and the cases cited therein. In that case, as in the case sub judice, the court erred in failing to direct a verdict for defendant at the close of the state’s case. The state claims that knowledge may be inferred, and cites as authority for that proposition Frank v. State, Fla.App. 1st 1967, 199 So.2d 117. However, as noted by this Court in the Frank case which dealt with the unlawful possession of narcotic drugs, “ * * * If the premises on which the drugs are found is not in the exclusive but only in the joint possession pf the accused, knowledge of the drugs’ presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. * * * ” (Frank v. State, at 120) Sub judice, the state failed to prove beyond reasonable doubt that appellant had knowledge of the gun. Indeed, the state in the presentation of its case offered no proof at all tending to establish appellant’s knowledge of the gun. Detective Hamlin’s speculation that the rifle could possibly be seen if approached at a different angle is without probative value, especially in light of his admission that he was unable to see the rifle until after he had pushed back some clothes in the closet.
Accordingly, appellant’s conviction and sentence are reversed, and the cause is remanded to the trial court with directions that appellant be discharged.
Reversed and remanded with directions.
RAWLS, J., concurs.
McCORD, J., dissents.