ANSTEAD, Judge:
This is an appeal from an order revoking probation. We reverse.
The defendant, John C. Franklin, was found by the trial court to have violated two conditions of his probation:
(f) Neither carry nor own any weapons without first securing the consent of the Probation Supervisor.
(h) Live and remain at liberty without violating any law.
Condition (f) was alleged to have been violated when Franklin and another individual disarmed an assailant armed with a gun at a bar where Franklin was doing carpentry work. He was shown to have had the gun in his hand momentarily after the weapon was taken from the assailant. Subsequently, the police, acting on a report that Franklin was seen with the gun, went to Franklin’s home, where Franklin denied he had the gun and refused the police permission to search his home. The police then secured a search warrant and upon searching Franklin’s home found another gun in a *1083 closet, not the one involved with the assailant; and this other gun turned out to have been stolen. Franklin was then arrested for possession of stolen property resulting in the charge as to condition (h).
Franklin denied any knowledge that the gun was stolen and testified that a relative placed- the gun in his home for safekeeping. He also called a neighbor as a witness to establish the existence of his relative. Franklin’s denial of knowledge about the gun being stolen and his explanation of the presence of the gun were not contradicted, and his testimony about disarming the assailant was actually confirmed by the State’s witnesses. Under these circumstances we find the proof presented at the hearing was not sufficient to sustain the revocation of probation. Larocco v. State, 276 So.2d 538 (Fla.4th DCA 1973).
Accordingly, the order of revocation of probation and the judgment and sentence are reversed with directions that the order of probation of November 3, 1971 be reinstated.
DOWNEY, J., concurs.
DAUKSCH, J., concurs specially, with opinion.