393 So.2d 60 (1981)
Bobby Lee COLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-491.
District Court of Appeal of Florida, Third District.
February 3, 1981.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal from an order modifying the defendant's probation. We reverse upon a finding that the evidence is insufficient to show that the defendant had knowledge of the presence of the sawed-off shotgun which was the basis for the order.
The shotgun was discovered, following a search, under the bed in his girlfriend's apartment. The apartment, bedroom, and bed were under joint control of the defendant and his girlfriend. The defendant did not have exclusive possession nor may it be inferred, under the circumstances, that he had the ability to maintain control over the area in which the shotgun was found. Such possession and control must be established by proof and may not be inferred. Hall v. State, 382 So.2d 742 (Fla.2d DCA 1980); Clark v. State, 359 So.2d 458 (Fla.3d DCA 1978), cert. denied, 366 So.2d 880 (Fla. 1979).
The defendant at all times denied having any knowledge of the shotgun. Additionally, the report of the domestic quarrel he had with his ex-wife, which formed the officer's reason for searching the apartment, did not indicate that the defendant had employed a gun during the quarrel nor that he had possession of one. Constructive possession and control of a weapon by a defendant, where the weapon was discovered in joint possession, is insufficient to sustain a modification of probation. Powell v. State, 335 So.2d 304 (Fla.1st DCA 1976), cert. dismissed, 348 So.2d 953 (Fla. 1977); (evidence that a pistol was found in a sports coat in a bedroom closet in an apartment *61 jointly occupied by the defendant and another man held insufficient to sustain conviction for possession of a firearm by a convicted felon). Cf. Smith v. State, 279 So.2d 27 (Fla. 1973) (illegal drugs found with wife's costume jewelry located in a dresser drawer in a bedroom jointly occupied by the defendant and his wife did not give rise to the inference that the defendant knew of the presence of such contraband); Clark v. State, supra (evidence of cannabis found in handball container located in a dresser drawer in a bedroom jointly occupied by defendant and his wife was circumstantial and insufficient for conviction).
Consequently, the order modifying the defendant's probation is reversed.