ON PETITION FOR REHEARING
PER CURIAM.
Appellant seeks review of judgments of conviction and sentences entered after the trial court’s denial of appellant’s motion to suppress evidence obtained during a search of his residence. Among other contentions, appellant argues that the search warrant was improperly issued upon an affidavit which was legally inadequate. We agree and hereby reverse the orders appealed.
A warrant to search appellant’s residence was obtained upon an affidavit stating that appellant is a convicted felon and that various firearms had recently been observed within appellant’s residence. However, the affidavit did not state that the residence was in the possession or control of appellant to the exclusion of others, nor negate the possibility that other persons who were not convicted felons might also inhabit appellant’s residence. And the affidavit did not allege any factual predicate which connected appellant and the firearms, other than the mere presence of the firearms in the house which appellant was occupying. Firearms are not contraband per se, and the affidavit in this case does not establish probable cause to believe that appellant’s residence harbored evidence of criminal activity as delineated in § 933.18, Florida Statutes. Cf., Joiner v. State, 339 So.2d 296 (Fla. 1st DCA 1976); Powell v. State, 335 So.2d 304 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 953 (Fla.1977). A search warrant in this case should not have issued, see § 933.18, Florida Statutes, and the trial court should have suppressed the evidence obtained in execution of the warrant. See Art. I, § 12, Fla.Const.
Accordingly, the judgments of conviction and sentences appealed are reversed, and the cause is remanded.
MILLS and WENTWORTH, JJ., and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge, concur.