PER CURIAM.
Ted Danek appeals the revocation of his probation and the judgment and sentence entered thereon. For the reasons which follow we reverse.
Danek was charged with violating his probation in that he violated section 812.-014(2)(b)(4), Florida Statutes (1981) (the Florida grand theft statute), by being in possession of a stolen motor vehicle.
A rental agreement for the vehicle with the Hertz Corporation had expired three weeks prior to Danek’s arrest. It is undisputed that Danek’s only connection with the vehicle was his presence as a passenger. The state concedes that Danek did not participate in obtaining the vehicle from Hertz. There is utterly no evidence linking Danek to a grand theft of the vehicle in question.
We accordingly reverse the finding of violation of probation. See Coley v. State, 393 So.2d 60 (Fla. 3d DCA 1981); Hodges v. State, 370 So.2d 78 (Fla. 2d DCA 1979); Franklin v. State, 345 So.2d 1082 (Fla. 4th DCA 1977).
Our reversal is without prejudice to the state to file an affidavit of violation of probation on charges which it asserts exist but are unrelated to this appeal.
Reversed and remanded with directions to reinstate the defendant to his prior probation status.