SPECTOR, Judge.
Appellant challenges the sufficiency of the evidence to support his conviction in a jury trial on the charge of possession of a firearm by a convicted felon as proscribed by Section 790.23, Florida Statutes, F.S.A. The element of the crime charged which appellant contends was not sufficiently proven was possession. Our review of the record shows that the arresting officers testified that the appellant was arrested around noon in a motel room in Jacksonville. At the time of the arrest, which incidentally was pursuant to a warrant, appellant was found with the gun covered by a pillowcase which, together with the gun, was between appellant’s legs with the gun butt sticking out in view of the arresting officers. Basically, appellant contends that this is not such possession as is contemplated by the statute. We *485 disagree. That it was covered fully or partially by a pillowcase renders the gun no less in appellant’s possession than had it been fully concealed in a pocket of his clothing. To come within the purview of the statute, a firearm need not be held in the hands of the accused. It is sufficient to show that the firearm is in the “care, custody, possession or control” of the person charged. Evidence showing the gun to be clutched by the legs of appellant, even though it is partially covered by a pillowcase, fully satisfies the language of the statute. See Maloney v. State, 146 So.2d 581 (Fla.App.1962).
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.