325 So.2d 436 (1975)
Leo Alexander JONES, Appellant,
v.
STATE of Florida, Appellee.
No. V-231.
District Court of Appeal of Florida, First District.
December 23, 1975.
Rehearing Denied February 6, 1976.
*437 Ernest D. Jackson, Sr., of Jackson & Micks, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
TENCH, BENJAMIN M., Associate Judge.
The parties will be referred to as in the Court below.
After trial by jury the defendant was convicted of possession of a firearm by a convicted felon and was sentenced to 15 years in the Division of Corrections.
The manager of the Howard Johnson Motel in Jacksonville had noticed the defendant's automobile parked in the motel parking area over a period of 24 hours. Two police officers stopped to use the telephone at the motel, and, at the request of the motel manager, checked to determine whether the vehicle had been stolen. It had not, so the motel manager opened the door to defendant's automobile with a coat hanger for the purpose of determining the ownership of the car. In the course of her search she discovered under the armrest in the front seat a hand gun, the exact caliber of which does not appear from the record. At this time the defendant arrived carrying jumper cables. In response to questions directed to him he first admitted, and then denied, ownership of the weapon, according to the motel manager. Both police officers testified that the defendant admitted owning the gun and that a friend of his had given it to him.
At trial the defendant took the stand and denied ownership of the weapon and any knowledge of it. Additionally, he offered the testimony of one David Hamilton who swore he had borrowed the car from the defendant the day before in order to show a friend the town. In the course of the evening the friend exhibited to him a weapon similar to the one found by the motel manager in the defendant's car. Subsequently, Hamilton and the passenger drove to the Howard Johnson Motel where they parked defendant's car in the parking area. When Hamilton sought to start the car later that evening, the engine refused to turn over; and he left the car in the parking lot over night.
Several points are raised on appeal, but all may be resolved by the threshold question whether the evidence is sufficient to support a conviction.
We hold it is not.
The Information in this case charged that the defendant, a convicted felon, did "unlawfully have in his possession a firearm, to wit: a pistol." Although the pertinent statute (F.S. Section 790.23) makes it unlawful for a convicted felon to have in his care, custody, possession, or control any firearm, the Information in this case charged the defendant only with possession of a firearm. Thus, the State in its Information could have alleged that the defendant unlawfully had a firearm in his possession, care, custody, or control, but, instead, limited itself to the allegation of possession. We believe that the instant case is analogous to Flicker v. State, 296 So.2d 109 (1st D.C.A. 1974), wherein the defendants were charged by Count I of a *438 3-count Information with uttering a forged instrument to a specific person. In holding that the evidence contained in the record failed to demonstrate that the documents received into evidence were uttered or published by the defendants to the person named in the Information, we noted that "... if the Information does in fact designate a specific person to whom the alleged forgery is uttered and published then that becomes a material part of the charge and proof of utterance or publication to another will not sustain the charge of uttering or publishing to the person named." Similarly, in the instant case, by charging the defendant with possession of a firearm, the State obligated itself to prove possession in order to obtain conviction under the statute.
The State argues that conviction under F.S. Section 790.23 is sustainable on an ownership theory, as established by the testimony of the two police officers, even though the Information alleged possession of a firearm and not ownership thereof. In support of this argument, the State cites Larry v. State, 104 So.2d 352 (Fla. 1958), wherein the Florida Supreme Court indicated that a defendant, charged by indictment with the unlawful and premeditated murder of a victim could be convicted of first degree murder on the basis of a felony-murder doctrine. However, as the Court noted, the element of premeditation is presumed as a matter of law when the felony itself is proved. Thus, Larry is inapplicable to the instant case. Possession is not presumed by virtue of ownership. The State must go forward and establish by clear and convincing evidence that the defendant was in possession of the firearm at the time of his arrest.
What, then was the State's burden? In affirming a conviction for the unlawful possession of liquor, the Florida Supreme Court defined what was meant by possession, construing it to mean having personal charge of or exercising the right of ownership, management, or control. The Court pointed out that "there must ... be a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession." Reynolds v. State, 92 Fla. 1038, 111 So. 285 (1926).
In affirming a conviction under the instant statute, the Second District Court of Appeal stated that the requirement that the possession be conscious and substantial was not applicable to F.S. Section 790.23 because the statute supplements "possession" with the additional words "care, custody, or control." Maloney v. State, 146 So.2d 581 (2nd D.C.A. 1962). However, in the Maloney case, the Information which was filed against the defendant charged him in the specific words of the statute, i.e., with the unlawful care, custody, possession, or control of the described weapons under the statute.
In charging the defendant with unlawfully having "in his possession a firearm, to wit: a pistol," the State assumed the burden of showing that the possession by the accused was conscious and substantial, as distinguished from a mere involuntary or superficial possession (emphasis supplied).
Applying the relevant facts to the standard set out above, the insufficiency of the evidence to sustain the conviction in this case becomes apparent. Even accepting the police officers' testimony that the defendant admitted ownership of the gun as true, there is no evidence in the record of conscious and substantial possession of the firearm by the defendant; at no time was the defendant seen in the automobile; there was no evidence introduced before the Court that placed the defendant in the automobile with the revolver or near the revolver at any time; and the uncontroverted evidence showed that the weapon was placed in the defendant's automobile at a time when the possession and control had been relinquished to a friend of the defendant. Thus, prior to the pistol being *439 removed from his locked car by the motel manager, defendant cannot be said to have been in conscious and substantial possession of the pistol. Accordingly, we hold that the State has not met its burden of proof in this case and that the evidence is insufficient to sustain a conviction.
Reversed and remanded with directions that the defendant be discharged.
BOYER, C.J., and MILLS, J., concur.