324 So.2d 178 (1975)
Samuel DARDY, Appellant,
v.
STATE of Florida, Appellee.
No. Y-292.
District Court of Appeal of Florida, First District.
December 23, 1975.
Peter A. Firpo, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant, defendant in the trial court, was charged by information with the crime of possession of a firearm by a convicted felon, contrary to Florida Statute 790.23. While his trial was still in progress he changed his plea, entering a plea of guilty to the offense as charged, but announced that he would appeal the trial court's ruling on certain proffered testimony. He was adjudicated guilty and sentenced. From that judgment this appeal is taken.
At the trial, and prior to the guilty plea, the State proved that the defendant was in possession of a shotgun on October 5, 1974. The State also proved the defendant was a convicted felon. When the defense, on cross examination, attempted to establish why the defendant was in possession of the shotgun the State objected on the grounds of relevance. The defense then proffered testimony which tended to prove that on October 5, 1974 one J.C. (Buckshot) Evans, a man with whom defendant had had a prior altercation, fired a weapon at defendant who was then unarmed. Upon being fired upon, defendant procured a shotgun from his car and fired back. In rejecting the proffered testimony, the trial court ruled that evidence of self defense was irrelevant to the charge of possession of a firearm by a convicted felon. It was at that point that defendant withdrew his prior plea and entered a plea of guilty, advising the court that its ruling on the proffered testimony would be appealed.
Although it has been held that an accused may enter a plea of nolo contendere and reserve questions of law for an appeal, such is not the case with regard to a guilty plea. (State v. Ashby, Sup.Ct.Fla. 1971, 245 So.2d 225) Inasmuch as defendant does not question the jurisdiction of the trial court, the voluntariness of the plea nor the legality of the sentence, all other legal issues were legally abandoned by the guilty plea. However, even were we to reach the merits we would nevertheless be required under the evidence revealed by the record to affirm. Self defense is not a viable defense to the offense of possession of a firearm by a convicted *179 felon. (See Carter v. State, Fla.App. 1st 1975, 312 So.2d 494; Johnson v. State, 1971, 256 Ind. 497, 269 N.E.2d 879) Further, the evidence reveals that the defendant had been in possession of the loaded shotgun for an extended period of time prior to the incident giving rise to the charges against him.
Affirmed.
MILLS, J., and SACK, MARTIN, Associate Judge, concur.