QUESTIONS: 1. Does s. 790.25(1), (3), and (4), F. S., allow persons to possess firearms at their place of business for the demonstrable purpose of protecting life and property at said business when a fellow worker, a convicted felon whose rights have not been restored, would be in close proximity to the firearms, not withstanding s. 790.23, F. S. (1976 Supp.)? 2. If question 1 is answered in the affirmative, would the factual situation enumerated above subject the convicted felon to arrest for being a convicted felon in possession of firearms?
SUMMARY: A person may possess a firearm at his place of business and would not be in violation of s. 790.23, F. S., when a convicted felon whose rights have not been restored might come within "close proximity" to the firearm. A convicted felon whose civil rights have not been restored could be convicted of a violation of s. 790.23 if the facts reveal that said felon exercised a conscious or substantial care, custody, possession, or control over said firearm. You have asked that these questions be considered in the light of present case law and with AGO's 073-229 and 073-391. Inasmuch as we have judicial decisions which control this response to your questions, it will not be necessary to discuss the opinions rendered by this office in AGO's 073-229 and 073-391, as they are general in nature as to the application of Ch. 790, F. S. These opinions pertain to factual situations other than contained in your questions. To answer the above-posed questions, Ch. 790, F. S., which governs weapons and firearms, must be analyzed. First, s. 790.001, F. S., statutorily defines a firearm to mean "any weapon (including a starter gun) which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun." See AGO 076- 45. It shall not include an antique firearm as defined in the section. Section 790.05, F. S., provides a penalty for the carrying of a pistol or repeating rifle by a person who has failed to obtain a license from the county commissioners. Section 790.06, id., sets forth certain requirements which must be satisfied before the county commissioners may issue a license to carry a firearm. Having set the basic statutory framework, it is necessary to examine s.790.25, F. S., which provides for the lawful ownership, possession, and use of firearms and other weapons. Subsection790.25(1) provides as a matter of public policy for the lawful use of firearms in defense of life, home, and property. Subsection790.25(3) specifies that the licensing requirements and prohibitions of ss. 790.05 and 790.06, F. S., shall not apply to s. 795.25(3)(n) — a person possessing arms at his home or place of business. Subsection 790.25(4) provides that this act shall be liberally construed. Having set forth all applicable statutory provisions, it now becomes necessary to apply them to the facts as contained in question 1 above. Under s. 790.25(3), supra, a person is not required to obtain a license in accordance with ss. 790.05 and 790.06, supra, if that person comes within one of the fourteen enumerated exceptions. Your question asking if a person is allowed to possess firearms at his place of business for the purpose of protecting life and property at the business comes within the statutory exception provided by s. 790.25(3)(n). Thus, under your question, a person not excluded by reason of s. 790.25(2)(a), (b), or (c), F. S., may possess arms at his home or place of business. It would certainly be anomalous to determine that a person who is expressly excepted from the provisions of Ch. 790 and who possesses a firearm at his home or place of business could be prosecuted and convicted for the possession of a firearm under such circumstance. To give s. 790.25, F. S., the liberal construction expressly provided for in subsection (4), s. 790.25
must be read in pari materia with ss. 790.01, 790.02, 790.05, and790.06, F. S. Under this construction, the possession of a firearm in one's own home or place of business is not prohibited by Ch. 790, F. S., and, as recognized by subsection 790.25(4), nothing contained in Ch. 790 shall impair or diminish any existing rights to bear arms guaranteed by the Constitution and laws of Florida and recognized by decisions of the courts of Florida. The Supreme Court of Florida in Peoples v. State, 287 So.2d 63 (Fla. 1973), has specifically found that s. 790.25(3)(n), F. S., specifically exempts a person possessing arms at his home or place of business from the prohibitions of s. 790.01, F. S., and the registration requirements of ss. 790.05 and 790.06, F. S. The court further found that said exception was reinforced by the "Declarations of Policy" and "Construction" set forth in s. 790.25(1) and (4). See also French v. State, 279 So.2d 317 (4 D.C.A. Fla., 1973). A close examination of Ch. 790, F. S., does not reveal that any person, not excluded by the statute, is prohibited from keeping a firearm in his home and place of business even though a fellow worker is a convicted felon whose civil rights have not been restored. Section790.23 expressly prohibits any person who has been convicted of a felony and whose civil rights have not been restored from having in his (the convicted felon's) care, custody, possession, or control any firearm and prohibits him (the convicted felon) from carrying a concealed weapon, including all tear gas guns and chemical weapons or devices. Your second question assumes the factual situation enumerated in question 1, that the convicted felon would be "in close proximity to the firearms." You ask if such "close proximity" would subject the convicted felon to arrest for being a convicted felon in possession of firearms. Your question specifies only "possession" of a firearm, while s.790.23, F. S., prohibits a convicted felon whose civil rights have not been restored from having in his care, custody, possession, or control any firearm. It is assumed that the response to this question includes not only "possession" but also includes the "care, custody, or control" of any firearm as prohibited by the statute. It is necessary that this distinction be made, as the courts of this state have rendered judicial decisions reaching different conclusions when one or more of the prohibited acts became involved. The Florida Supreme Court in Reynolds v. State,111 So. 285 (Fla. 1927), found "possession" is usually defined as having personal charge of or exercising the right of ownership, management, or control over the item in question. The court in that case (possession of intoxicating liquor) found that, to constitute possession, there need not necessarily be an actual manucaption of the item, nor is it necessary that it be otherwise actually upon the person of the accused. There must, however, be a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession. More recently the district courts of appeal of Florida have examined factual situations which constitute violations of s.790.23, F. S. In Maloney v. State, 146 So.2d 581 (2 D.C.A. Fla., 1962), the district court upheld a conviction for a violation of s. 790.23 when weapons were found under the front seat of a motor vehicle which deputy sheriffs observed burning alongside a highway. Three persons were seen to emerge from the vehicle and Maloney was the driver. After the fire was extinguished, the vehicle was towed to a garage where a loaded shotgun was found under the front seat and a pistol found in the glove compartment. Maloney argued on appeal that under the principles of possession as enumerated in Reynolds v. State, supra, the evidence was insufficent to establish conscious and substantial possession of the firearms. The district court, in rejecting this argument, emphasized that the statutory prohibition of "possession" was supplemented by the additional words "care, custody, and control." In Wood v. State, 237 So.2d 485 (1 D.C.A. Fla., 1970), the district court upheld a conviction for possession of a firearm by a convicted felon when the defendant was found with a gun covered by a pillowcase between the defendant's legs. The defendant contended that he was not in possession as contemplated by the statute. The court found that, to come within the purview of the statute, the firearm need not be held in the hands of the accused. It was sufficient to show that the firearm was in the "care, custody, possession or control" of the person charged. In keeping with this decision, Ross v. State, 285 So.2d 429 (3 D.C.A. Fla., 1973), upheld the conviction where the facts showed that the firearm was found under a pillow upon which the defendant's hand rested. In the recent case of Jones v. State, 325 So.2d 436 (1 D.C.A. Fla., 1975), the district court held that, where the information charged only possession and not care, custody, possession, or control, the state was limited to proof of possession and assumed the burden of showing that the possession by the accused was conscious and substantial as distinguished from a mere involuntary or superficial possession and reversed this conviction when the facts showed that the firearm was in defendant's automobile but no evidence proved that the defendant himself was in the vehicle nor was any evidence introduced that placed the defendant in the automobile with the firearm or near the firearm at any time. Basically, then, a charge and conviction for possession of a firearm by a convicted felon whose civil rights have not been restored must be determined on a case-by-case basis under the particular facts of the case as charged in the charging document.