[No. 6459-1.   Division One.   January 15, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN JOSEPH MORBECK, *Appellant*.

*Peter G. Rothschild, Snohomish County Public Defender,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Randolph L. Furman, Deputy,* for respondent.

ANDERSEN, A.C.J.—

## FACTS OF CASE

While an inmate at the Washington State Reformatory at Monroe, the defendant was found in his locked cell in possession of a 1–inch–thick solid steel bar approximately 1 foot long with a looped leather thong attached to one end of it.

The defendant was thereupon charged with unlawful possession of a weapon in violation of the following statute:

> Every person serving a sentence in any penal institution of this state who, while in such penal institution or while being conveyed to or from such penal institution, or while at any penal institution farm or forestry camp of such institution, or while being conveyed to or from any such place, or while under the custody of institution officials, officers or employees, possesses or carries upon his person or has under his control any narcotic drug, alcoholic beverage or any weapon, firearm or any instrument which, if used, could produce serious bodily injury to the person of another, is guilty of a felony punishable by imprisonment for not more than five years, which shall be in addition to the sentence being served.

RCW 9.94.040.

At trial, defense counsel offered to prove that the defendant's possession of a weapon was necessary to protect himself against another inmate who had recently made

threats against him.[1] The trial court rejected the offer of proof on the basis that the facts alleged did not constitute a defense to the charge. The evidence was otherwise uncontroverted. The defendant was convicted of the crime charged and brings this appeal.

A single issue is presented.

ISSUE

Is the defense of necessity available to the charge of an inmate's unlawful possession of a weapon in violation of RCW 9.94.040?

DECISION

CONCLUSION. Even if we assume that the common–law defense of necessity is available in the state of Washington, it is not available to the charge brought against this defendant and we affirm his conviction.

██ The purpose of RCW 9.94.040, insofar as it prohibits inmates from possessing weapons, is to protect custodial officers and other prisoners from assaults with dangerous weapons by armed prisoners. *See People v. Wells*, 68 Cal. App. 2d 476, 156 P.2d 979 (1945). The statute does not make the intent with which the weapon is possessed an element of the offense.

The mandate of RCW 9.94.040, set out above, is unequivocal. We will not judicially approve the possession of a dangerous weapon by a prisoner.[2] As expressed by the Supreme Court of Florida in a similar case,

To grant judicial sanction to the otherwise unlawful possession of a deadly weapon by prisoners, whatever the

---

[1] An inmate in a penal institution is, of course, under the protection of the law. RCW 9.92.110. In an emergency of the kind claimed here, the defendant could have requested administrative sequestration. See WAC 275–82–010; WAC 275–82–015; WAC 275–82–035. It should also be observed that subsequent to the trial, as counsel have advised this court, the defendant was released from the institution on parole.

[2] Necessity as a defense to an escape charge is a different issue; therefore, we do not address it here. *See People v. Lovercamp*, 43 Cal. App. 3d 823, 118 Cal. Rptr. 110 (1975).

reason, would undoubtedly result in murder, mayhem and utter chaos throughout our entire penal institutions, with which authorities would be unable to cope.

*Carter v. State,* 312 So. 2d 494 (Fla. Dist. Ct. App. 1975).

On the facts presented, neither is duress a defense. RCW 9A.16.060.

Affirmed.

JAMES and SWANSON, JJ., concur.

Reconsideration denied April 30, 1979.

Review denied by Supreme Court August 22, 1979.