377 So.2d 221 (1979)
John L. THORPE, Appellant,
v.
STATE of Florida, Appellee.
No. KK-173.
District Court of Appeal of Florida, First District.
November 14, 1979.
Rehearing Denied December 21, 1979.
*222 Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
Appellant appeals his conviction by a jury of the offense of attempted possession of a firearm by a convicted felon, an offense proscribed by Section 790.23, Florida Statutes. We find no error and affirm.
Appellant's first point challenges the sufficiency of the evidence to establish a crime under the statute. In brief, appellant testified that he was accosted by a man who pulled a gun and demanded money which appellant had in his possession. A shot was fired and appellant managed to wrest possession of the gun from the alleged thief. A witness testified that he heard the gun shot and saw two men struggling, one of whom he identified as appellant. He also saw a "shiny object" in the other man's hand. Another witness also saw the struggle between two men and identified appellant as one of them. He saw the other take out a pistol and saw appellant seize the gun. He then heard a shot and observed the other man run from the scene. A police officer heard the gun shot and appeared in time to see appellant coming toward him with the gun partially in his waist band and partially in his right hand. The officer testified that appellant was attempting to place the weapon in his belt, and when appellant saw that the officer observed him he pulled the gun from his waist and ran. The officer gave chase and at one point drew his weapon and pointed it at appellant, whereupon appellant looked at the officer and stated "don't shoot". Appellant jumped a fence, then climbed over the fence again and threw the pistol into the street. At that point the officer ordered appellant to halt and lay down in the middle of the street, which he did.
The defense raised by the convicted felon in Thomas v. State, 348 So.2d 635 (Fla. 1st DCA 1977), was that he had just taken the gun from another person who had threatened him with it. Testimony of the police was that defendant denied he had the gun, and that the gun was concealed in the small of defendant's back. The affirmance of his conviction under these facts could, as appellant argues, be explained simply as a matter of the jury accepting the police version and rejecting the defendant's account of the incident. We agree that this case is not directly in point. However, we do not agree with appellant that the decision of this court in Jones v. State, 325 So.2d 436 (Fla. 1st DCA 1976), furnishes a basis for holding that his conviction should be reversed. In Jones, the defendant was charged only with "possession" of the firearm (the statute describes the offense in much broader terms, i.e., "to own or to have in his care, custody, possession, or control any firearm ..."). In the opinion, by stating that possession must be "conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession", the court was not injecting into the statute any theory of exception from its application based upon some excuse or justification for the *223 actual, knowing, manual possession of a firearm by the accused. The quoted language was directed to the evidence in the case which established only that the firearm was discovered in the defendant's automobile; but the evidence further disclosed that at no time was the defendant seen in the vehicle, there was no evidence that placed the defendant in the automobile with or near the pistol, and uncontroverted evidence disclosed that the weapon had been placed in the automobile at a time when possession and control had been relinquished to a friend of the defendant. Under these facts, the court held that the evidence was insufficient to establish the defendant's "possession" of a firearm.
In Coleman v. State, 345 So.2d 1093 (Fla. 4th DCA 1977), the court squarely held that self defense is not available as a defense to the crime charged under this statute. There is, as that court put it, under the statute simply "no exception made for the convicted felon who believes he may need a firearm for self-defense". Although the factual circumstances differ, the principle expressed in the Coleman case is, we believe, equally applicable to the case at bar. Although we acknowledge that this application of the law may in some instances produce what would seem to be a harsh result, nevertheless, we align ourselves with the Fourth District and hold that the evidence produced was sufficient to support the conviction of appellant in this case.
We have considered the remaining points presented by appellant and find that they have been disposed of by decisions of this or other appellate courts of the State, and do not merit further detailed treatment. Attempted possession of a firearm by a convicted felon is an offense under the laws of Florida. Porter v. State, 363 So.2d 41 (Fla. 2nd DCA 1978). A pistol is a firearm within the meaning of Section 790.001(6), Florida Statutes. Martin v. State, 367 So.2d 1119 (Fla. 1st DCA 1979). Appellant's contention that he has been subjected to "triple jeopardy" and "triple punishment" because his prior manslaughter conviction triggered his conviction in the instant case, and was also the basis for enhancement of his sentence in this case, is rejected. See Washington v. Mayo, 91 So.2d 621 (Fla. 1957).
The judgment of conviction appealed from is affirmed.
McCORD, Acting C.J., and BOOTH, J., concur.