[No. 8449-6-I.   Division One.   February 9, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT S. PINKOWSKY, *Appellant.*

*Steve Bertsch* of *Snohomish County Public Defender Association,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Asa Glazer, Deputy,* for respondent.

JAMES, C.J.—Defendant, Robert Pinkowsky, appeals from a judgment and sentence finding him guilty of a felony under RCW 9.94.030. We affirm.

The statute provides as follows:

> Whenever any inmate of a state penal institution shall hold, or participate in holding, any person as a hostage, by force or violence, or the threat thereof, or shall prevent, or participate in preventing an officer of such institution from carrying out his duties, by force or violence, or the threat thereof, he shall be guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than one year nor more than ten years.

RCW 9.94.030.

At a bench trial, the State introduced testimony from three staff members of the Monroe Reformatory. The State's primary witness, Officer Allen, testified that Pinkowsky was an inmate of the Monroe Reformatory. Allen testified that on July 27, 1979, Pinkowsky moved into the cellblock under his supervision. When he moved into the cell at about 4:30 to 5 in the evening, he was carrying a box. Later that same evening, Pinkowsky came out of his cell carrying the same box. Allen, suspecting that the box contained unauthorized alcoholic beverages, stopped Pinkowsky and attempted to inspect the box. Pinkowsky struck Allen and fled the scene. The State did not produce any evidence that Pinkowsky was incarcerated pursuant to a criminal conviction.

Pinkowsky makes no contention that the assault on Allen did not constitute interference with an officer's duty under the statute. Rather, he argues that to show he was an inmate, the State was obligated to prove he was "held in custody under process of law," RCW 9A.04.110(20) (definition of prisoner). We do not agree.

The purpose of RCW 9.94.030 is to prevent the use of force or violence by persons confined to state penal institutions. *Cf. State v. Morbeck,* 22 Wn. App. 404, 589 P.2d 823 (1979). The officer's testimony established that

Pinkowsky was confined to a cell at the Monroe Reformatory. Proof that his confinement was pursuant to a conviction was unnecessary.[1]

Affirmed.

ANDERSEN and CORBETT, JJ., concur.

Reconsideration denied March 10, 1981.

Review denied by Supreme Court May 22, 1981.

---

[1]We note that unlike the statute in this case, when the legislature has intended to make proof of a conviction an element of the crime, it has so specified. *See, e.g.,* RCW 9A.76.110.