PER CURIAM.
The judgment of conviction entered on jury verdict must be vacated and *770 the case remanded for new trial because the trial court erroneously refused to instruct the jury on maximum and minimum penalties as required by the Supreme Court in Tascano v. State, 393 So.2d 540 (Fla.1980). Defense counsel adequately preserved the point on appeal by requesting the charge and excepting or objecting to the court’s refusal to give it.
Appellant’s second point is that the trial court erred in excluding proffered testimony that was said to support a duress defense. No reason appears why duress may not be a defense * to a charge of introducing contraband into a correctional institution. Section 944.47, Florida Statutes (1979). But appellant’s proffer was not sufficiently detailed to permit judgment of whether the excluded testimony tended to show duress in fact, so justifying submitting the issue to the jury. Though the question may be more substantially raised on a new trial, we find no error in the record submitted. See Koontz v. State, 204 So.2d 224 (Fla. 2d DCA 1967); Hall v. State, 136 Fla. 644, 187 So. 392 (1939); Stevens v. State, 397 So.2d 324 (Fla. 5th DCA 1981).
REVERSED and REMANDED.
ROBERT P. SMITH, JR., LARRY G. SMITH and JOANOS, JJ., concur.

 See generally W. LaFave & A. Scott, Criminal Law, Duress § 49, at 374-81 (1972); R. Perkins, Perkins on Criminal Law, Compulsion (Duress) 951-55 (2d ed. 1969); Cawthon v. State, 382 So.2d 796 (Fla. 1st DCA 1980), pet. for rev. den., 388 So.2d 1110 (Fla.1980).