MINER, CHARLES E., Jr., Associate Judge.
In this appeal, Nickerson challenges his conviction and enhanced sentence for attempted possession of a firearm by a con *763 victed felon. He contends that the state failed to prove a prior felony conviction, that the trial court erred in allowing evidence of the nature of the prior conviction, and that the court improperly denied his requested jury instruction clarifying the definition of “possession” of a firearm. We affirm.
Nickerson’s first two contentions have been laid to rest by the Florida Supreme Court in Parker v. State, 408 So.2d 1037 (Fla.1982), which affirmed a prior decision of this Court reported as Parker v. State, 389 So.2d 336 (Fla. 4th DCA 1980).
In Parker, the Supreme Court held that, as regards a charge of possession of a firearm by a convicted felon, the state is entitled to prove a prior conviction by use of a certified copy of the judgment of conviction unless its probative value is “substantially” outweighed by danger of unfair prejudice, confusion of issues, misleading of the jury or needless presentation of cummu-lative evidence. In the instant case, there is no showing in the record that the latter considerations outweighed the probative value of the certified copy of Nickerson’s prior judgment of conviction offered by the state.
Appellant’s contention that the trial court erred in refusing to grant his requested jury instruction is likewise without merit.
Testimony adduced at trial indicated that appellant had grabbed the gun from his girlfriend who had pointed the gun at him. The weapon fired and he ran from the scene. A police officer apprehended him and retrieved the gun a short distance away.
During the charge conference, Nickerson argued the necessity of a specially tailored instruction on possession of a firearm by a convicted felon asserting he possessed the gun merely to prevent its use against himself. He asked that the court instruct the jury in the following words:
Possession of a firearm must be conscious and substantial possession by the defendant as distinguished from mere involuntary or superficial possession.
The trial judge denied this request, explaining that the word “superficial” is vague and confusing and does not admit of ready understanding by a jury. He did, however, modify the standard jury instruction for this offense and instructed that
after such conviction, he did knowingly and intentionally own or have in care, custody, possession or control a firearm. (Emphasis added to words included by Judge.)
Although we reject the state’s contention that appellant failed to preserve this issue for appellate review, we believe he has failed to show the inadequacy of the instruction as given by the trial court or the applicability of the “involuntary or superficial possession” standard to the circumstances of this case. The cases upon which he relies, Maloney v. State, 146 So.2d 581 (Fla. 2d DCA 1962), and Jones v. State, 325 So.2d 436 (Fla. 1st DCA 1975), did not involve possession of a firearm for purposes of self defense. Moreover, self defense is not a viable defense to the offense of possession of a firearm by a convicted felon. Coleman v. State, 345 So.2d 1093 (Fla. 4th DCA 1977); Dardy v. State, 324 So.2d 178 (Fla. 1st DCA 1975). Further supporting the trial court’s refusal to give the requested instruction is Thorpe v. State, 377 So.2d 221 (Fla. 1st DCA 1979). In Thorpe, the court held that the evidence supported a conviction for attempted possession of the firearm by a convicted felon, notwithstanding the defendant’s testimony that he had managed to wrest possession of the gun from a man who had accosted him.
Accordingly, the judgment and conviction appealed from are hereby affirmed.
HURLEY, J., concurs.
ANSTEAD, J., concurs specially with opinion.