NIMMONS, Judge.
The appellant, convicted of possession of a firearm by a convicted felon, claims that the evidence presented at his jury trial was insufficient to establish that he was in possession of the firearm. We disagree.
The appellant was a passenger in the back seat of an automobile which was pulled over by a law enforcement officer. The driver and front seat passenger exited the vehicle whereupon the appellant exited from the back seat and, as he did so, a radio dispatcher riding with the officer saw the appellant toss a shiny object underneath the car. The officer recovered the object which proved to be a nickel-plated .357 magnum pistol.
The appellant’s brother testified that the gun must have slid from under the seat and was knocked or dragged out by his foot as he (the brother) exited the automobile. The testimony of the appellant and the other two passengers, who testified on behalf of the appellant, was in conflict as to the positions of the three of them while inside the automobile. Appellant denied any knowledge of the gun.
Although appellant’s possession was very brief, the dispatcher unequivocally testified that the appellant was in actual possession of the firearm. Appellant argues that the possession was not “conscious and substantial” citing Reynolds v. State, 92 Fla. 1038, 111 So. 285 (Fla.1926), and Jones v. State, 325 So.2d 436 (Fla. 1st DCA 1976). Appellant’s reliance upon the “conscious and substantial possession” rule is misplaced. The origin of that rule has usually been credited to Reynolds v. State, supra. E.g., Maloney v. State, 146 So.2d 581, 583 (Fla. 2nd DCA 1962). In Reynolds, the court observed:
To constitute possession, there need not necessarily be an actual manucaption of the liquor, nor is it necessary that it be otherwise actually upon the person of the accused. State v. Aplin, 128 Wash. 36, 221 P. 989. There must, however, be a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession.
In the instant case, there was sufficient evidence from which the jury could find that there was an actual manucaption of the firearm by the appellant. Moreover, it has been suggested in Jones v. State, supra, that the conscious and substantial possession rule is inapplicable to prosecutions under Section 790.23, Florida Statutes, where, *323 as here, the defendant is charged with “care, custody, possession or control” of the firearm. See Maloney v. State, supra.
In view of our holding that the appellant was in actual possession of the firearm, it is unnecessary for us to consider the question of whether the firearm was in the constructive possession, care, custody or control of the appellant during the time that it was situated inside the automobile immediately prior to the dispatcher’s observing the appellant toss the firearm.
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.