NIMMONS, Judge.
Johnson appeals from a judgment and. sentence for possession of contraband in a state correctional institution in violation of Section 944.47(l)(c), Florida Statutes, (1983). He raises two points on appeal: (1) that the trial court erred in excluding testimony of previous fights and altercations between appellant and the alleged victim; and (2) that the trial court erred in refusing to give a requested instruction on attempted possession.
The charge stemmed from a September 10, 1984 incident at Union Correctional Institution when two correctional officers observed appellant astride his cell mate, Jimmy Marshall, hitting him with a length of pipe. At trial, appellant defended on the basis of self-defense. He testified that he grabbed the pipe from Marshall after the latter had battered appellant with it. Appellant contends that the trial court reversibly erred in precluding him from introducing evidence of prior altercations between Marshall and him.
Even assuming that the excluded evidence qualified under the theory of admissibility espoused by this Court’s majority opinion in Mungin v. State, 458 So.2d 293 (Fla. 1st DCA 1984) (held that self-defense may be a viable defense to a charge under Section 944.47 where the inmates’s temporary possession of a weapon was for purposes of self-defense), the defendant failed to establish a proper foundation or predicate upon which he can assert reversible error in the trial court’s ruling.
The following is a portion of the direct examination of the defendant by his attorney:
Q.: The night before, had you had a fight with him?
A.: Yes, sir.
Q.: All right. Tell, if you would, what happened the night before, September 9th.
Mr. Tobin [prosecutor]: Objection, irrelevant to the charge. May we approach the bench?
At the bench conference, the entirety of defense counsel’s statements and representations to the court is as follows:
“Mr. Replogle: Your Honor, State v. Mungen (sic) generally ruled that self-defense can be a justification for an inmate temporarily possessing a weapon. When self-defense comes into the issue, prior altercations between the parties can go to the issue as justifiable self-defense.
The trial judge sustained the state’s objection and the defense counsel resumed his direct examination. The defense rested without having made any attempt to proffer whatever evidence it was that the defense had wished to introduce regarding prior fights or encounters between the defendant and Marshall. Not until after defense counsel’s presentation of his motion for judgment of acquittal and the court’s denial thereof did counsel attempt to articulate what the defendant would have testified to if he had been allowed to do so. He got only as far as saying that the defendant “would have indicated that he had a continuing problem with — ” when the trial judge interrupted by explaining his reasons for having sustained the earlier objection. Nothing further was said about the excluded testimony and we can only speculate as to what such testimony would have shown.[1]
*313 Section 90.104, Florida Statutes, provides in pertinent part:
(1) A court may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and:
⅜ * * * * *
(b) When the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which the questions were asked.
See also Woodson v. State, 483 So.2d 858 (Fla. 5th DCA 1986); Nava v. State, 450 So.2d 606 (Fla. 4th DCA 1984); Jacobs v. Wainwright, 450 So.2d 200 (Fla.1984); Ehrhardt, Florida Evidence § 104.3 (2d Ed. 1984). The defense failed to comply with the requisites of the above provisions of the Evidence Code in that the substance of the testimony sought to be introduced was neither made known to the court by offer of proof nor sufficiently apparent from the context within which the questions were asked.
The need for a proffer apparently did not occur to counsel until after the close of the evidence and the court’s denial of the defendant’s motion for judgment of acquittal. Absent agreement by opposing counsel, as well as perhaps by the trial court, the attempted proffer was too little, too late. Even assuming that the trial court’s interruption of defense counsel’s tardy proffer can be viewed as a refusal to allow a proffer of evidence, such refusal does not run afoul of the holdings exemplified by Hawthorne v. State, 408 So.2d 801 (Fla. 1st DCA 1982), because the proffer was not timely.
Finally, we have considered appellant’s second point that the trial court erred in refusing to give a requested instruction on attempted possession and find the same to be without merit. Since its amendment in 1981[2], Fla.R.Cr.P. 3.510(a), which deals with instructions on attempts to commit charged offenses, provides that the trial judge “shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a complete offense.” The evidence in the instant case met that standard and the appellant was thus not entitled to an instruction on attempted possession.
AFFIRMED.
WENTWORTH, J., and WILLIS, BEN C. (ret.), Associate Judge, concur.

. In contrast, defense counsel in Mungin, supra, made a proper proffer of the excluded testimony

. In Re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla.1981).